UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| LORENA ESTRADA, O/B/O, | ) | |
| J.E., A MINOR CHILD | ) | No. CV-10-3117-CI |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | MOTION FOR SUMMARY JUDGMENT |
| v. | ) | AND ORDERING REMAND |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

BEFORE THE COURT are cross-Motions for Summary Judgment. (ECF No. 13, 15.)  Attorney James D. Tree represents Lorena Estrada O/B/O J.E., a minor child (Plaintiff); Special Assistant United States Kathryn A. Miller represents the Commissioner of Social Security (Defendant).   The parties have consented to proceed before a magistrate judge. (ECF No. 7.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and **REMANDS** the matter to the Commissioner for additional proceedings.

### JURISDICTION

On December 17, 2007, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits. (TR. 16; 155.) He alleged disability due to Attention Deficit Hyperactivity Disorder (ADHD). (Tr. 159.) Plaintiff's claim was denied initially and on reconsideration, and he requested a hearing before an administrative law judge (ALJ). (Tr. 62-114.) A hearing was held on October 23, 2009, at which Medical Expert

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1

Thomas McKnight, Ph.D, and Plaintiff's mother, whose child was represented by counsel, testified. (Tr. 40-55.) ALJ Robert S. Chester presided. (Tr. 35.) The ALJ denied benefits on November 19, 2009. (Tr. 16-29.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

### STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. At the time of the hearing, Plaintiff was in the fourth grade. (Tr. 40.) He lived with his mother and three siblings. (Tr. 228.) Plaintiff was diagnosed with Attention Deficit Hyperactivity Disorder (ADHD) and Oppositional Defiance Disorder (ODD). (TR. 228; 233.) His mother reported that he has a very bad temper, he steals and destroys property, and he gets poor grades and does not get along well with others. (Tr. 210.)

On April 11, 2006, the Yakima School District #7, Special Education Services, concluded Plaintiff was not eligible for special education services, in part because Plaintiff's test results at that time were significantly and adversely affected by his limited English proficiency, cultural environmental factors, and Plaintiff's lack of reading or math instruction. (Tr. 140-41.)

Plaintiff's teacher observed in a report dated April 17, 2007, that he had several "obvious problems" in acquiring and using information, with interacting and relating with others, and "serious problems" in caring for himself. (Tr. 166; 168; 170.) The teacher also noted that depending upon Plaintiff's mood, he can "become very defiant and refuse to do anything." (Tr. 166.) The following year, in a report dated January 30, 2008, Plaintiff's second grade teacher

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 2

indicated that he had several "serious problems" in acquiring and using information without one-on-one attention, and in attending and completing tasks. (Tr. 197-98.) The teacher also reported that Plaintiff had several "obvious problems" in interacting and relating with others and in caring for himself. (Tr. 199; 201.) The teacher noted that she had to take steps to keep Plaintiff from being distracted, and when he does not understand a problem, he pouts and becomes disruptive to the class. (Tr. 199-201.)

Plaintiff's mother completed a Function Report about Plaintiff on March 8, 2007, and on January 10, 2008. (Tr. 145-54; 175-84.) In both reports, Plaintiff's mother indicated Plaintiff had limitations in his ability to progress in learning, help himself and cooperate with others in taking care of personal needs and pay attention and stick with a task. (Tr. 149; 152-53; 179; 182-83.) Plaintiff's mother also indicated Plaintiff is unable to make new friends, get along with adults and his teachers, and he is unable to play team sports. (Tr. 151; 181.)

### ADMINISTRATIVE DECISION

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity. (Tr. 19.) At step two, he determined that Plaintiff suffers from the severe impairment of attention deficit hyperactivity disorder (ADHD). (Tr. 19.) The ALJ determined that Plaintiff's impairment, although severe, does not meet, medically equal, or functionally equal the criteria of any of the listings impairments. (Tr. 19.) With regard to functional equivalence, the ALJ concluded that Plaintiff does not have an "extreme" limitation in any domain of functioning or a "marked" limitation in two domains. (Tr. 29.) Accordingly, the ALJ concluded

1  Plaintiff was not disabled within the meaning of the Social Security

2  Act. (Tr. 29.)

3                          **STANDARD OF REVIEW**

4      In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the

5  court set out the standard of review:

6          A district court's order upholding the Commissioner's
         denial of benefits is reviewed *de novo*. *Harman v. Apfel*,
7        211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the
         Commissioner may be reversed only if it is not supported
8        by substantial evidence or if it is based on legal error.
         *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).
9        Substantial evidence is defined as being more than a mere
         scintilla, but less than a preponderance. *Id.* at 1098.
10       Put another way, substantial evidence is such relevant
         evidence as a reasonable mind might accept as adequate to
11       support a conclusion. *Richardson v. Perales*, 402 U.S.
         389, 401 (1971). If the evidence is susceptible to more
12       than one rational interpretation, the court may not
         substitute its judgment for that of the Commissioner.
13       *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of
         Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

14
         The ALJ is responsible for determining credibility,
15       resolving conflicts in medical testimony, and resolving
         ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th
16       Cir. 1995). The ALJ's determinations of law are reviewed
         *de novo*, although deference is owed to a reasonable
17       construction of the applicable statutes. *McNatt v. Apfel*,
         201 F.3d 1084, 1087 (9th Cir. 2000).

18

19      It is the role of the trier of fact, not this court, to resolve

20  conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence

21  supports more than one rational interpretation, the court may not

22  substitute its judgment for that of the Commissioner. *Tackett*, 180

23  F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

24  Nevertheless, a decision supported by substantial evidence will

25  still be set aside if the proper legal standards were not applied in

26  weighing the evidence and making the decision. *Brawner v. Secretary

27  of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If

28  substantial evidence exists to support the administrative findings,

or if conflicting evidence exists that will support a finding of either disability or non-disability, the Commissioner's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL PROCESS**

To qualify for disability benefits, a child under the age of eighteen must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I).  The Social Security Administration has enacted a three-step sequential analysis to determine whether a child is eligible for SSI benefits on the basis of a disability. 20 C.F.R. § 416.924(a).  First, the ALJ considers whether the child is engaged in "substantial gainful activity." *Id.* at § 416.924(b).  Second, the ALJ considers whether the child has a "medically determinable impairment that is severe," which is defined as an impairment that causes "more than minimal functional limitations." *Id.* at § 416.924(c).  Finally, if the ALJ finds a severe impairment, he or she must then consider whether the impairment "medically equals" or "functionally equals" a disability listed in the regulatory "Listing of Impairments." *Id.* at § 416.924(c)-(d).  An impairment is functionally equivalent to a listed impairment if it results in extreme limitations in one area of functioning or marked limitations in two areas.  20 C.F.R. § 416.926a (a).  An impairment is a "marked limitation" if it "seriously interferes with [a person's] ability to independently initiate, sustain, or complete activities."  20 C.F.R. §

416.926a(e)(2)(I).  By contrast, an "extreme limitation" is defined as a limitation that "interferes very seriously with [a person's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(I).

In determining whether an impairment exists, the ALJ assesses the child's functioning in six domains in terms of his/her ability to:  (1) acquire and use information; (2) attend and complete tasks; (3) interact and relate with others; (4) move about and manipulate objects; (5)  care for oneself, and (6) his/her general health and physical well-being.  20 C.F.R. § 416.926a(a)-(b)(2001).  To demonstrate functional equivalence under the Final Rules, the child must exhibit a marked limitation in two of the domains, or an extreme limitation in one domain. 20 C.F.R. § 416.926a(e)(2)(I).

## ISSUES

Plaintiff contends that the ALJ erred by improperly weighing the medical evidence.  Specifically, J. Camille Beauchamp, ARNP, assessed him markedly limited in at least two domains, and the ALJ failed to give proper reasons for rejecting her opinions. (ECF NO. 14 at 9-12.)  Plaintiff also argues that the ALJ failed to give any reasons for discounting the opinions of Plaintiff's teachers and mother.  (ECF NO. 14 at 9-12.)  Finally, Plaintiff argues that the ALJ erred by concluding Plaintiff's impairments do not functionally equal the Listing.  (ECF No. 14 at 13-15.)  Defendant contends the ALJ's decision is supported by substantial evidence and free of legal error.  (ECF No. 16.)

## DISCUSSION

### A.   Opinion of J. Camille Beauchamp, ARNP

Plaintiff contends that the ALJ erred by improperly rejecting

his treating and examining providers.   Specifically, Plaintiff
argues "his therapist," J. Camille Beauchamp, ARNP, assessed him as
markedly limited in at least two domains, and the ALJ failed to give
proper reasons for rejecting her opinions.   (ECF No. 14 at 9-10.)
The ALJ stated he gave little weight to the opinion of Ms. Beauchamp
because she is not an acceptable treating source, she failed to
provide treatment notes to support her opinions, and her opinion
that Plaintiff had marked limitations was inconsistent with test
results and teacher evaluations.   (Tr. 23.)

Under the Social Security regulations, licensed physicians are
considered "acceptable medical sources," but nurse practitioners are
not and instead are deemed "other medical sources."   20 C.F.R. §§
404.1513(a)(1);   20   C.F.R.   416.913(a)(1);   20   C.F.R.   §§
404.1513(d)(1), 20 C.F.R. 416.913(d)(1).   Only acceptable medical
sources can give medical opinions and, therefore, evidence from
acceptable medical sources is needed to establish the existence of
a medically determinable impairment.   See SSR 06-03p. Evidence from
other medical sources cannot establish the existence of a medically
determinable impairment but may still be used to show the severity
of an individual's impairment and how the impairment affects the
individual's ability to function.   See SSR 06-03p.

Because acceptable medical sources are considered the most
qualified health care professionals, the ALJ may "accord opinions
from other [medical] sources less weight than opinions from
acceptable medical sources." *Gomez v. Chater*, 74 F.3d 967, 970-71
(9th Cir. 1996).   However, in certain circumstances, an opinion from
an other medical source may outweigh the opinion of an "acceptable
medical source," including the medical opinion of a treating source.

SSR 06-03P.  For example, it may be appropriate to give more weight to the opinion of a medical source who is not an "acceptable medical source" if he or she has seen the individual more often than the treating source and has provided better supporting evidence and a better explanation for his or her opinion.  SSR 06-03P.

Accordingly, an ALJ must consider the opinions of other medical sources and explain the weight given to those opinions to allow a subsequent reviewer to follow his or her reasoning, when such opinions may have an effect on the outcome of the case.  SSR 06-03p. In general, it is error for an ALJ to discount the opinion of a registered nurse merely because she is not an accepted medical source when the nurse has seen the patient often, or provides better supporting evidence than the other medical sources.  In this case, however, Plaintiff failed to establish that Nurse Beauchamp was entitled to greater weight on this basis, because Plaintiff failed to provide supporting evidence or chart notes that established a relationship and supported her opinions.  As a result, under these circumstances it was not error for the ALJ to give Ms. Beauchamp's opinions less weight because she was not an accepted medical source.

The ALJ also gave little weight to Ms. Beauchamp's assessment because her opinions were inconsistent with test results showing Plaintiff's average cognitive abilities and teacher reports indicating Plaintiff can "maintain attention and concentration with redirection."  (Tr. 23.)  This reason is not supported by substantial evidence.  On August 7, 2009, Nurse Beauchamp completed a form about Plaintiff's limitations, and indicated he had marked limitations in acquiring and using information and attending and

completing tasks.  (Tr. 265; 267.)  Ms. Beauchamp also noted "[patient] and mother report that, when he takes his medication and his symptoms are controlled, he feels well."  (Tr. 267.)

With regard to the testing, Plaintiff's April 2006 verbal and performance IQ scores were deemed invalid, due to cultural and language factors.  (Tr. 135.)  His Comprehensive Test of Nonverbal Intelligence test results fell within the average range of skills. (Tr. 136.)  Diane Liebe, M.D., examined Plaintiff on March 21, 2006, and noted that Plaintiff's reports from his teachers (TRF) indicated that Plaintiff fell within the clinically significant range in the area of rule breaking behavior and aggressive behaviors, and in the borderline range of thought problems and attention problems.  (Tr. 230.)

In the 2007 report, Plaintiff's teacher indicated that he had "an obvious problem" in five categories related to acquiring and using information.  (Tr. 166.)  The teacher also reported that Plaintiff had several "slight problem[s]" with attending and completing tasks.  (Tr. 167.)  In the 2008 report, Plaintiff's teacher indicated that he had "very serious problem[s]" in three categories related to acquiring and using information, one "very serious problem" and five "serious problem[s]" in attending and completing tasks.  (Tr. 197-98.)

On *de novo* review, the record reveals that Ms. Beauchamp's assessment is consistent with Plaintiff's test results and teacher evaluations that Plaintiff had marked limitations in acquiring and using information and attending and completing tasks.  (Tr. 265.) The ALJ's determination that Ms. Beauchamp's opinion deserved little

weight because it was inconsistent with test results and teacher reports was not supported by substantial evidence in the record.

In cases where ALJ erred by providing one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons unsupported by the record, the court has held the inclusion of the invalid reasons harmless error. *Molina v. Astrue,* 674 F.3d 1104, 1115 (9th Cir. 2012); *Bray v. Comm'r of Soc. Security Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). In that context, the error was deemed harmless because substantial evidence remained that supported the ALJ's decision and the error did not negate the validity of the ALJ's ultimate conclusion. *Molina*, 674 F.3d at 1115; *Batson v. Comm'r of the SSA,* 359 F.3d 1190, 1197 (9th Cir. 2004). In this case, the invalid reasons provided by the ALJ for discounting Ms. Beauchamp's opinions were not harmless, because substantial evidence does not support the remainder of the ALJ's decision.

**B.   Lay Opinions.**

Plaintiff also argues that the ALJ failed to give reasons for discounting the opinions of Plaintiff's teachers and mother. (ECF NO. 14 at 9-12.) The ALJ's decision did not discuss the weight, if any, he afforded to the opinions of Plaintiff's teachers or mother.

**1.   Plaintiff's Mother.**

Plaintiff's mother completed a Function Report about Plaintiff on March 8, 2007, and on January 10, 2008. (Tr. 145-54; 175-84.) In both reports, Plaintiff's mother indicated Plaintiff had limitations in his ability to (1) progress in learning; (2) help himself and cooperate with others in taking care of personal needs;

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 10

and (3) pay attention and stick with a task.  (Tr. 149; 152-53; 179; 182-83.)  Plaintiff's mother also indicated on both reports that Plaintiff is unable to make new friends, get along with adults and his teachers, and he is unable to play team sports. (Tr. 151; 181.)

In childhood disability cases, where the child is unable to adequately describe his symptoms, the Commissioner accepts the testimony of the person most familiar with the child's condition, such as a parent.  *Smith ex rel. Enge v. Massanari*, 139 F.Supp.2d 1128, 1134 (9th Cir. 2001).  When an ALJ discounts a parent's testimony, he must give reasons that are "germane" to that witness. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

In this case, the ALJ failed to mention what weight, if any, he gave to Plaintiff's mother's assessment of the severity of Plaintiff's impairments.  This was error.  *Merrill v. Apfel*, 224 F.3d 1083, 1086 (9th Cir. 2000); citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness.")  On remand, the ALJ should reconsider and provide reasoning for the weight he assigns to Plaintiff's mother's testimony.

**2.    Teacher Assessments.**

The record contains two teacher evaluations, one completed on January 30, 2008, related to Plaintiff's repeat of first grade, by his teacher Alma Ramirez, and the other completed April 17, 2007, by Valeria Gonzalez, Plaintiff's initial first-grade teacher.  (Tr. 172; 203.)  The rating key range is from one through five, with one

indicating no problem, and five indicating "a very serious problem." (Tr. 197.)

The 2007 teacher evaluation, completed by Ms. Gonzalez, evaluated Plaintiff after his first grade year. The evaluation assessed Plaintiff with several "obvious problem[s]" in the acquiring and using information domain, including: (a) comprehending oral instructions; (b) reading and comprehending written material; (c) understanding and participating in class discussions; (d) providing organized oral explanations and adequate descriptions; and (e) expressing ideas in the written form. (Tr. 166.) Ms. Gonzalez commented, "Depending upon Juan's mood/behavior he can become very defiant and refuse to do anything. Often times, he must be redirected or provided alternatives/choices." (Tr. 166.) In the interacting and relating with others, Ms. Gonzalez opined Plaintiff had obvious problems with (a) playing cooperatively with other children; (b) expressing anger appropriately; (c) taking turns in conversation; and (d) using adequate vocabulary and grammar to express thoughts/ideas in general, everyday conversation. (Tr. 168.) In the caring for himself domain, Ms. Gonzalez found that Plaintiff had a serious problem with both handling frustration appropriately and being patient when necessary, and he had an obvious problem using appropriate coping skills to meet daily demands of school environment. (Tr. 170.)

The 2008 teacher evaluation indicates some of Plaintiff's problems worsened. In the acquiring and using information domain, Ms. Ramirez assigned Plaintiff a four, meaning a "very serious problem," for the following: (a) comprehending oral instruction; (b)

understanding school and content vocabulary; and (c) reading and comprehending written material. (Tr. 197.) Ms. Ramirez commented that Plaintiff had a hard time staying on task, and he did "o.k. when he receives one on one help." (Tr. 197.) In the attending and completing tasks domain, Ms. Ramirez found Plaintiff had "a very serious problem" in completing class work and homework assignments, and "serious problem[s]" in (a) paying attention when spoken to directly; (b) sustaining attention during play/sports activities; (c) focusing long enough to finish assigned activity or task; (d) organizing own things or school materials; and (e) completing work accurately without careless mistakes. (Tr. 198.) Ms. Ramirez assessed Plaintiff with one additional serious problem in the interacting an relating with others domain related to his ability to use adequate vocabulary and grammar to express thoughts/ideas in general, everyday conversation. (Tr. 199.) Ms. Ramirez indicated Plaintiff had several "obvious problem[s]" in many of the domains. (Tr. 197-201.)

In the evaluation of child disability cases, the opinions of a child's teachers are highly probative. As is the case with all "other source" or lay testimony, the educators' opinions must be considered and the weight given to them explained. *Stout v. Commissioner, Social Sec. Admin*., 454 F.3d 1050, 1053 (9th Cir. 2006). If teachers' opinions are rejected, the ALJ must give specific "germane" reasons for doing so. *Id.* Further, the opinions of "other sources" such as teachers, who have had extended contact with a claimant, may be used to reject the opinions of a treating or examining medical source, if their opinions are supported by other

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 13

medical evidence in the record.   Social Security Ruling (SSR) 06-03p.

The ALJ's failure to explain his rejection of Plaintiff's mother and Plaintiff's teachers was error.   The error is not harmless because it is not inconsequential to the ultimate non-disability determination. *Stout*, 454 F.3d at 1055.   Under these circumstances, remand for further proceedings is appropriate. *Merrill*, 224 F.3d at 1086 (remanding for evaluation of child claimant's claim under Listing of Impairments where, among other things, ALJ failed to provide specific explanation for rejecting testimony of claimant's mother).

Because remand on these issues is necessary, Plaintiff's remaining issues will not be addressed.

**C.   Remand for Additional Proceedings.**

The decision whether to remand for further proceedings is within the discretion of the district court. *Harman*, 211 F.3d at 1175-78.   Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Harman*, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility).   However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id*.   Here, as set out above, outstanding issues remain before a finding of disability can be made.   Accordingly, remand is appropriate.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the court concludes the ALJ's decision is not supported by substantial evidence and is based on legal error.  On remand, the ALJ should reconsider the weight afforded to the opinions of Ms. Beauchamp, Plaintiff's mother, and Ms. Gonzalez and Ms. Ramirez and support his findings with specific, legitimate or germane reasons supported by substantial evidence in the record. Accordingly,

**IT IS ORDERED:**

1.   Plaintiff's Motion for Summary Judgment **(ECF No. 13)** is **GRANTED** and the matter is **REMANDED** to the Commissioner for additional proceedings.

2.   Defendant's Motion for Summary Judgment **(ECF No. 15)** is **DENIED;**

3.   An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff, and the file shall be **CLOSED**.

DATED August 31, 2012.


_____S/ CYNTHIA IMBROGNO_____
UNITED STATES MAGISTRATE JUDGE